IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:08CV307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JONES, Nebraska State Trooper, and | ) | |
| PRANTZ, Nebraska State Trooper, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 16, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on July 16, 2008 against two State Troopers, Jones and Prantz. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are almost completely illegible and are extremely difficult to decipher. However, Plaintiff generally alleges that Defendants "illegally arrested" him while he was a passenger in Rondy Woodard's vehicle.[1] (*Id.*) Plaintiff alleges that Defendants stopped Woodard's vehicle when he turned away from an "illegal floating [r]oad block." (*Id.*) Plaintiff states that Defendants stopped Woodard because he allegedly crossed a double yellow line. (*Id.* at CM/ECF p. 2.) Plaintiff alleges that there was no "double yellow line," and therefore no probable cause for the stop. (*Id.*) Plaintiff seeks monetary damages in the amount of $10,000,000.00, an "injunction against the

---

[1] Plaintiff states that Rondy Woodard is his son. (Filing No. 1 at CM/ECF p. 1.)

[prosecution]," "and whatever else [the] court deems just." (*Id.* at CM/ECF pp. 1-2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. Although Plaintiff's allegations are difficult to decipher, the court liberally construes Plaintiff's Complaint to allege a violation of his Fourth Amendment right to be free from illegal search and seizure.

Liberally construed, Plaintiff alleges that Defendants had no probable cause to stop Woodard's vehicle. (Filing No. 1 at CM/ECF pp. 1-2.) However, Woodard is not a party to this action and has not signed the Complaint. (Filing No. 1.) In addition, Plaintiff only addresses the events of the stop as they pertain to Woodard, and fails to describe his own arrest, if any. As a result, the court is unable to determine whether Plaintiff intends to allege a Fourth Amendment Claim on behalf of Woodard, or himself.

Although a motor vehicle passenger has standing to challenge a traffic stop that violated the Fourth Amendment, he may not do so to litigate the claims of a third party. *See Michigan Dep't of State Police v. Sitz*, 496 U.S. 444 (1990); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that, in order to have standing to pursue a claim, a party must have suffered an injury in fact, and the injury must be fairly traceable to the challenged action). Plaintiff here has failed to clearly describe his own injury in fact and appears to be asserting the rights of a third party. Thus, Plaintiff has failed to allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d at 1337. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to clearly describe the events of *his* arrest, and *his* requested relief. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.  However, Plaintiff shall have until **September 30, 2008** to amend his Complaint.  In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice pursuant to [28 U.S.C. § 1915(e)(2)](#).

2.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text:  Review case for amended complaint on **September 30, 2008** and dismiss if none filed.

3.      Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

4.      The Clerk of the court is directed to terminate the pro se first assessment deadline.

September 2, 2008.                       BY THE COURT:

                                         *s/Richard G. Kopf*
                                         United States District Judge